

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00384-CR
_____

DIONICIO GALLEGOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F16-2452-16, Honorable Sherry Shipman, Presiding

August 23, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.[1]

Appellant Dionicio Gallegos appeals the trial court's judgment by which he was convicted of two counts of indecency with a child and subsequently sentenced to two consecutive eight-year sentences. He contends the trial court erred by denying him a continuance and that the evidence was insufficient to support the jury's verdict. We affirm.

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this court. *See* TEX. R. APP. P. 41.3.

*Continuance*

Appellant first contends that the trial court erred in denying his second motion to continue the trial of the cause. It was filed the day of trial without a verification or like oath by a person having knowledge of the facts relied on for the continuance. Such an oath was required by statute. TEX. CODE CRIM. PROC. ANN. art. 29.08 (West 2006). Without it, appellant failed to preserve his complaint for review. *See Schmidt v. State*, 373 S.W.3d 856, 864 (Tex. App.—Amarillo 2012, pet. ref'd). Thus, we overrule the issue.

*Sufficiency of the Evidence*

Appellant next asserts that he "was convicted solely on the testimony of [the minor victim] alleging that Appellant engaged in unlawful sexual contact with her. No reasonable trier of fact could have found [the minor victim] credible when the record reflects that she lied on the stand . . . when Megan Lenguen testified that [the victim] has a reputation for untruthfulness among school teachers, and when there was [a] witness who would have seen or heard the alleged sexual contact was outside the entire time." Thus, the evidence was legally insufficient to support the jury's verdict, in his view. We overrule the issue.

First, the standard of review we apply is that described in *Villa v. State*, 514 S.W.3d 227 (Tex. Crim. App. 2017). Second, the crime for which appellant was charged and convicted is found at § 21.11(a) of the Texas Penal Code. It states that a "person commits an offense if . . . the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact." TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2017). "Sexual contact" means "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person."

*Id.* § 21.01(2). Third, a conviction under § 21.11 of the Penal Code, according to the Texas legislature, "is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred." TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2017).

Here, the appellate record contains the testimony of the minor victim. She testified that appellant was asking her questions outside her home, commented on her posture, pushed her up against a wall, began kissing her, placed his hand inside her shirt and began rubbing her breast, and placed his hand between her pants and underwear and began touching her vaginal area. The minor was under fourteen years old at the time. She told appellant to stop, pushed him away, and told him to leave. He stopped and left.

Appellant had been hired by the minor's father to repair a fence. He was at the house when he purportedly invited the minor outside to inspect his work. The aforementioned touching occurred when the minor acceded to his request.

Immediately after the touching, the minor re-entered the house and phoned her mother about what happened. Her mother phoned her father who phoned appellant. The latter denied knowing why the minor was agitated. Furthermore, appellant had left the house by the time the minor's parents arrived home and never returned to collect his tools or final payment for his work.

The foregoing is some evidence upon which a reasonable jury could rationally conclude, beyond reasonable doubt, that appellant engaged in sexual contact with the minor. That her testimony may have contained what appellant described as lies or that her teachers characterized her as having a reputation as being untruthful was before the

3

jury, as was evidence about a neighbor being outside when the event happened. This type evidence bears on the matter of witness credibility. Because the jury is the sole judge of a witness's credibility and weight to be assigned the testimony, it may choose whom and what to believe. *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008); *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995) (en banc); *Abrego v. State*, No. 07-14-00171-CR, 2015 Tex. App. LEXIS 2421, at *7 (Tex. App.—Amarillo Mar. 13, 2015, pet. ref'd) (mem. op., not designated for publication). That is, the jury, not us, had the exclusive task of assigning what weight to give to the minor's testimony. TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979). Having apparently opted to deem the minor credible, we cannot override its choice.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.